■ In the Matter of the Claim of HENRY D. FREEMAN et al., Respondents. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. WILLIAM E. BOULEY CO. INC., Appellant.— Appeal by the employer from a decision of the Unemployment Insurance Appeal Board determining that claimants, who were carpenters, bricklayers and laborers employed by the general contractor for a

State project, had properly been held eligible for benefits without any disqualifying conditions, and that none of the claimants "lost his employment because of a strike, lockout, or other industrial controversy in the establishment in which he was employed". (Labor Law, § 592, subd. 1.) The facts are not in dispute. Ironworkers employed on the project by a subcontractor for the steel work participated in a "general strike of the ironworkers in the area and picket lines were established at the job site involved herein." Claimants refused to cross the picket lines and were unemployed during the period that picketing continued. There was no controversy between the claimants and the employer. The parties agree that the "unions, of which the claimants are members, had no dispute with the [steelwork subcontractor] nor with the employer-appellant." The undisputed finding that the "employer had other work which claimants could have performed but none was offered to them" seems the equivalent of a finding that no work was available to them. The parties seem to agree that the sole issue was correctly stated by the board to be whether or not an industrial controversy, which concededly existed, occurred "in the establishment in which [claimants were] employed." (Labor Law, § 592, subd. 1.) The critical issue thus defined was correctly decided by the board on the authority of *Matter of Bucklaew* (*Corsi*) (277 App. Div. 805) and *Matter of Wittlaufer* (*Corsi*) (277 App. Div. 805). The facts in the latter case were markedly similar to those found here. In affirming the board's decision, this court said: "It appeared that no electricians were on strike and the referee and the board found that claimant [an electrician who declined to cross a picket line] did not lose his employment as the result of a strike at the establishment where he was employed." Appellant employer relies on *Matter of Sprague* (*Lubin*) (4 A D 2d 911) but in that case each of the respondent employers employed members of one or more of the unions which picketed the air base; the resulting work stoppage being intended, as the Referee found, "to exert pressure through the contractors and subcontractors on the Air Force to accede to demands made by several of the allied unions", and this situation constituting, as was further found, an industrial controversy. Thus the picketing was in part directed against claimants' employers and the industrial controversy came to involve them and was thus extended to their establishments, in which claimants were employed. Decision unanimously affirmed, with costs to claimants-respondents. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.